## GEORGE S. CAPP v. WM. E. BRUNNER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LEBANON COUNTY.

Argued February 20, 1890—Affirmed at Bar.

(*a*) A testator in his lifetime executed a deed conveying certain real estate subject to a charge of $5,000, the interest of which was to be paid to himself during life, then to his wife if she survived him, and after her death " the principal to be paid to those entitled thereto, for all of which a bond has been executed."

(*b*) By his will, the testator bequeathed the said sum of $5,000 to his wife for life, and after her death unto all his children in equal shares. The wife survived the testator and subsequently died. No bond was ever found, and no evidence of its existence was produced except the reference to it in the deed:

1. In such case, the sum of $5,000, charged on the land by the deed, was payable by the owner of the land to the testator's executor, appointed by the will to receive and disburse it, to be by him distributed according to the directions of the will.

Before PAXSON, C. J. STERRETT, GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 214 January Term 1890, Sup. Ct.; court below, No. 187 September Term 1889, C. P.

On September 5, 1889, George S. Capp, administrator d. b. n. c. t. a. of John Wolfersberger, deceased, brought assumpsit against William E. Brunner, and on November 6th, the parties filed a case stated, in the nature of a special verdict, in which it was agreed:

That John Wolfersberger and Catharine his wife, by their indenture, dated September 3, 1863, granted and confirmed unto John B. Wealand, his heirs and assigns, a certain farm, plantation and tract of land, containing sixty acres and sixty-four perches, situate in Campbellstown, county of Lebanon aforesaid, in which said deed of conveyance is contained the following: ". . . . Subject to the payment of the sum of five thousand dollars, the legal interest thereof to be paid by John Wealand, the grantee, his heirs and assigns, holding the same, annually and regularly, on the first day of April of each year; the first payment to be made on the first day of April, 1865, and to be paid to John Wolfersberger, during the joint lives of John Wolfersberger and Catharine his present wife, and in case John Wolfersberger should survive his said wife Catharine, then the principal to be paid to the said John Wolfersberger on the first day of April next following the death of his said wife; and in case the said Catharine should survive her husband, then the said interest to be paid in the same manner and at the same time unto the said Catharine, during her natural lifetime, and after her death the principal to be paid to those entitled thereto, for all of which a bond has been executed;" which said deed of conveyance is recorded in the office for the recording of deeds in and for the county of Lebanon, in Deed Book Q, page 141, etc., and is hereby made a part of this case stated.

That the said John Wolfersberger made his last will and testament in writing, dated January 27, 1864, which, after his decease, was duly probated in the register's office of Lebanon county, on December 5, 1864, in which last will and testament is contained the following clause:

"Item.   I also have charged the messuage and tract of land situate in Campbellstown, which I sold and conveyed to John B. Wealand, with the payment of five thousand dollars, the legal interest thereof to be paid annually and regularly unto my said wife Catharine, during her natural life, as mentioned and set forth in the deed to said John Wealand, which said

interest I hereby confirm and bequeath unto my said wife Catharine, and which shall be in lieu of her dower at common law out of my estate.

"Item. I also order and direct that the sum of five thousand dollars charged on the premises conveyed by me to John Wealand, as aforesaid, shall be immediately after the decease of my said wife paid unto my executor, whom I authorize to make proper acquittances for the same, and I hereby give and bequeath the same unto all my children in equal shares;"

Which said last will and testament, recorded in the register's office in Will Book        , page        , etc., is also made a part of this case stated.

That the interest of said five thousand dollars was paid to said widow annually (since the death of the said John Wolfersberger) during her lifetime, and that she died on February 7, 1889.

That the said tract of land, mentioned in said above mentioned deed and in said will, by divers mesne conveyances and assurances in law duly had, has become vested in William E. Brunner, defendant above named, subject to said charge, who is the present owner thereof, and that said charge of five thousand dollars is now due and still unpaid.

That Gabriel Wolfersberger, the executor nominated in said last will and testament, and to whom letters testamentary were duly issued thereon, has since died, and that letters of administration de bonis non cum testamento annexo have been duly granted by the register of wills of said county of Lebanon to George S. Capp, the plaintiff above named.

That the bond referred to in the said deed from John Wolfersberger to John Wealand has been lost, if a bond ever existed; that proper and diligent search has been made for the said bond, and it cannot be found, nor can any evidence of its existence be found except the reference to it in said deed.

If the court be of the opinion that the plaintiff is entitled to recover, then judgment to be entered for the plaintiff in the sum of five thousand dollars, with interest from September 5, 1889; but if not, then judgment to be entered for the defendant. The costs to follow the judgment and either party reserving the right to sue out the proper writ of error.

Opinion of Court below.

After argument, the court, McPHERSON, J., filed the following opinion :

This action is intended to settle a doubt, whether the bond referred to in the deed of September 3, 1863, did not contain the names of some other persons than the children of the testator to whom he bequeathed this money ; and whether, therefore, there may not be a conflict between the children and these possible beneficiaries, thus making it unsafe for the defendant to pay voluntarily in accordance with the will.

Several explanations of the facts may be conceived.   One is, that no bond at all may have been given ; but, while this finds some support in the absence of all external evidence about so valuable a paper, it need not be insisted upon.   Assuming that a bond was given but has been lost, the question then is, who were the ultimate beneficiaries therein ?

1. The bond may have contained the names of other persons than the children of John Wolfersberger.   The objections to this theory are, that the deed recites the names of no such persons ; that the natural heirs would thus be passed by without apparent reason ; that a claim likely to have been carefully guarded has not been heard of for more than twenty-five years ; and, specially, that such a supposition requires us to hold that, after the decedent had by deed given away this portion of his property to one set of persons, he still assumed to dispose of it by will to other and different persons.   This presumes wrongdoing on his part, and is only to be adopted if no other reasonable explanation can be found.

It might also be fairly argued that, even if the bond did contain the names of other persons than his children, yet it was testamentary in its character and was therefore revoked by his subsequent will.   We lay no stress upon this suggestion, however, but mention it merely to indicate another method of avoiding the presumption of wrong-doing by the decedent.

2. The bond may have contained the names of the children. This is probable enough, would harmonize the deed, bond and will, and would relieve the case of difficulty.

3. The bond may have contained no names at all of the ultimate beneficiaries, but merely followed the deed in declaring that the principal was to be paid after the widow's death " to those entitled thereto," thus leaving them to be specified either

by the intestate laws or by John Wolfersberger's will. This explanation seems to us much the most likely, and is the one we think should be adopted. It is in accord with the language of the deed, and with the almost universal custom which repeats in the conveyance which secures a bond the names of the obligees. It leaves to John Wolfersberger the full control of the principal sum, and does not require us to presume a gift to unknown and unnamed donees. It relieves us from concluding that the decedent gave by deed to one set of persons the right to this considerable sum, and afterwards attempted by will to wrongfully take it away and give it to others. And, finally, it keeps this money in its natural channel, leaving it to pass by his will to those whom presumably he would most wish to benefit, and from whom, so far as can be seen, he had no reason or desire to divert it.

One further question remains, viz.: the jurisdiction of the Common Pleas, and this we think is undoubted. Clearly, the charge is imposed by the deed and not by the will; the will simply designates the persons who are to share it, after the death of the widow. But as the charge itself was created by contract in the lifetime of the decedent, and as the executor is expressly directed by the will to receive it, this suit is by the proper person and in the proper court.

We direct judgment to be entered in favor of the plaintiff for the sum of five thousand dollars with interest from September 5, 1889.

Judgment having been entered as directed, the defendant took this appeal, assigning the entry of judgment for the plaintiff, on the case stated, for error.

*Mr. Grant Weidman*, for the appellant.

Counsel cited: Frankem v. Trimble, 5 Pa. 521; Broom on Parties, 56 Law Lib. *100.

*Mr. Thomas H. Capp* and *Mr. George B. Schock*, for the appellee, were not heard.

In the brief filed, counsel cited: Colder v. Weaver, 7 W. 466; Walsh's App., 122 Pa. 177; Peoples S. Bank v. Cupps, 91 Pa. 315.

Statement of Facts.

PER CURIAM:

On the argument at Bar,

Judgment affirmed.